CATHERINE FINAN, Appellant, *v.* JOHN O'DOWD, Respondent.

*Justice's Court — when the issuing of alias summons does not avoid the Statute of Limitations.*

In an action brought in Justice's Court to recover for goods sold and delivered, the last sale and delivery having been made on September 21, 1889, it appeared that the justice issued a summons on September 10, 1895, which was "dismissed" by him upon consent of the parties on September 25, 1895 ; that upon the latter day he issued a second summons, which was served, but was also "dismissed" on October 30, 1895, and that on the latter day he issued a third summons upon the return day of which the defendant joined issue and pleaded the six-year Statute of Limitations.

*Held,* that the defense was valid ;

That the first and second summons were inoperative and did not bring the case within section 2883 of the Code of Civil Procedure, it not appearing from the return of the constable that the first and second summons had not been served.

APPEAL by the plaintiff, Catherine Finan, from a judgment of the County Court of Queens county in favor of the defendant, entered in the office of the clerk of the county of Queens on the 14th day of February, 1896, upon the decision of the court reversing the judgment rendered by a justice of the peace.

*George Brush,* for the appellant.

*Matthew J. Smith,* for the respondent.

Judgment affirmed, with costs, on the opinion of the county judge.

All concurred, except PRATT, J., not sitting.

The opinion of the county judge was as follows:

GARRETSON, County Judge:

This action was brought in a Justice's Court to recover a sum of money alleged to be due to the plaintiff for goods sold and delivered

by her to the defendant between July 12, 1889, and September 21, 1889, and for interest thereon from the date last mentioned.

The summons under which the parties came into court was issued by the justice on October 30, 1895, and made returnable on November eighth thereafter, on which latter day the defendant answered the plaintiff's complaint by pleading a general denial and the Statute of Limitations.

It appears from the return of the justice that for the same cause of action a summons was issued by him on September 10, 1895, which summons was " dismissed " by him upon consent on the twenty-fifth day of the same month, whereupon a second summons was issued and served upon the defendant, which was subsequently, and on October 30, 1895, also " dismissed " by the justice, and that thereupon a third summons and the one under which issue was joined, the trial had and the judgment rendered, was issued and thereafter served.

The only question urged upon the argument of the appeal is presented by the defendant's plea that more than six years had elapsed, after the cause of action had accrued, at the time this action was commenced and that the adverse holding of the justice upon this contention calls for a reversal of the judgment.

The defendant claims that the action was not commenced until October 30, 1895, and six years, one month and nine days after September 21, 1889, when a cause of action upon the claim first became available to the plaintiff. The plaintiff on the other hand insists that the time of its commencement relates back to September 10, 1895, the date upon which the first summons was issued.

The determination of this appeal, therefore, rests upon the question whether the action was commenced on the day when the first or the third summons was issued, and the construction and effect of the sections of the Code of Civil Procedure applicable to the facts relative thereto as presented by the return of the justice.

An action is commenced before a justice of the peace, either by the voluntary appearance and joinder of issue by the parties, or by the service of a summons. (Code Civ. Proc. § 2876.)

An attempt to commence an action in such court is equivalent to the commencement thereof, when the summons. is delivered to an officer authorized to serve the same within the city or town wherein

the person to whom it is directed resides, provided that actual service is made with due diligence. (Id. §§ 398, 399, 400.)

It is also provided that where it appears by the return of the constable to whom a summons has been duly issued for service, that it was not served for any cause, a second summons may be issued by the same justice in the same action within twenty days after the first summons was issued, and that upon the like return thereof a third summons may be issued within twenty days after the second was issued, and that the second or third summons, as the case may be, relates back to the time when the first summons was issued; and with respect to all proceedings before actual service the service thereof has the same effect as if the first summons has been reasonably served. (Id. § 2883.)

In any case where a summons is issued by a justice and not served upon a defendant the process becomes inoperative and of no effect, if the provisions of section 2883, above cited, are not successfully availed of.

It will be observed that under the section last mentioned a second or third summons can be issued only in a case where it appears by the return of the constable that the first, or first and second, summonses, were not served for any cause.

Whether the first summons mentioned in the return of the justice was in fact served does not appear, although such may be inferred, because it was "dismissed" by reason of an irregularity by consent of the parties. It does appear, however, that the second summons was served and that it was thereafter also "dismissed" by the justice.

We are of the opinion that the first and second summonses were respectively inoperative and of no effect; that they have no relation to the third summons, and are no part of the proceedings in this action (which was commenced on the 30th day of October, 1895, and more than six years after the cause of action had accrued); that the summons issued on that day was an original summons, and not an "alias" summons, under section 2883; that the Statute of Limitations was, therefore, an effective bar to the prosecution of the plaintiff's claim, and that the judgment appealed from must be reversed.

Let judgment of reversal be entered hereon by the clerk accordingly, with costs to the appellant.